UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL HUTT,        ) | |
|     Plaintiff,    ) | |
| ) | |
| v.        ) | 16-CV-4117 |
| ) | |
| JASON CHENOWETH,    ) | |
|     Defendant.    ) | |

**OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc*., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. The Plaintiff alleges Rushville employee Jason Chenoweth violated his constitutional rights when he provided

1

private and inaccurate information about his mental health condition. In support of his allegation, Plaintiff has attached part of a deposition transcript from another case Plaintiff has filed in the Central District of Illinois, *Hutt v Liberty Healthcare Corporation*, Case No. 15-3094. (Comp, p. 6, 7). In this case, Defense counsel alleged Plaintiff had received proper notice of his scheduled deposition, but Plaintiff refused to appear. In order to document Plaintiff's actions, counsel took brief statements from Defendant Chenoweth and one other Rushville staff member. *Hutt v Liberty Healthcare Corporation*, Case No. 15-3094 [51]. Both testified Plaintiff was given several opportunities to participate in the deposition, but refused. *Hutt v Liberty Healthcare Corporation*, Case No. 15-3094 [51] Defendant Chenoweth also testified he observed Plaintiff watching television without another resident in the dayroom, and he had no reason to believe the Plaintiff was ill.

Plaintiff now says he was "suffering from mental and physical illness" and therefore he could not attend his deposition. Plaintiff claims the information provided by Defendant Chenoweth was a violation of his constitutional rights.

Plaintiff is mistaken. The Defendant was simply asked for his observations and impressions during the relevant time period. The Court notes Chenoweth also indicated Plaintiff said he was not coming and he did not feel well. *Hutt v Liberty Healthcare Corporation*, Case No. 15-3094 [51], p. 26) Plaintiff has not articulated a constitutional violation.

**IT IS ORDERED:**

1. Plaintiff's petition to proceed in forma pauperis is denied. [3] Plaintiff's complaint is dismissed for failure to state a claim. The clerk is directed to enter judgment pursuant to Federal Rule of Civil Procedure 58. The case is closed.

  2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis MUST set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).

Entered this 29th day of September, 2016.

                s/ Michael M. Mihm
                _____
                MICHAEL M. MIHM
               UNITED STATES DISTRICT JUDGE